IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEANGELO JOHNSON, # 232041,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | Civil Action No. 2:13cv455-TMH |
| ) | (WO) |
| CHRISTOPHER GORDY, et al.,  ) | |
| ) | |
| Respondents.  ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Deangelo Johnson ("Johnson"), a state inmate confined at Ventress Correctional Facility in Clayton, Alabama, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the court finds that the petition should be dismissed.[1]

## I. BACKGROUND

According to Johnson, he is serving concurrent Alabama prison sentences of 18 and 10 years, imposed in June and July of 2010, respectively, on charges of trafficking in cannabis and obstruction of justice. Doc. No. 1 at 13; Doc. No. 2 at 2. In December 2008, before his incarceration within the Alabama Department of Corrections, Johnson was convicted in Florida on the charge of felony driving while suspended. Doc. No. 2 at 2. For that offense, the Circuit Court of Okaloosa County, Florida, sentenced him to 18 months of

---

[1] The court has conducted a preliminary review of the petition and concludes that the petition is subject to dismissal without directing an answer by the named respondents. *See* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*; 28 U.S.C. § 2243.

probation. *Id*.

Johnson goes on to state that on July 7, 2009, the state of Florida issued an affidavit of violation of probation for his arrest.[2] *Id*. By that time, however, he was incarcerated in the Houston County, Alabama, jail awaiting disposition of the criminal charges in Alabama, for which he was convicted and sentenced to the custody of the Alabama Department of Corrections. *Id*. at 2-3. As noted above, he is currently confined at Ventress Correctional Facility in Clayton, Alabama.

Although Johnson does not provide the exact date, the state of Florida apparently lodged a detainer[3] against him with the Alabama Department of Corrections based on his alleged probation violation. *See, e.g.*, Doc. No. 2 at 3. In January 2011, Johnson filed a motion with Florida authorities seeking speedy disposition of the pending probation violation charge. *Id*. That motion was denied. *Id*.

In his petition for habeas corpus relief filed with this court, Johnson contends that the respondents have violated his rights under the Interstate Agreement on Detainers ("IAD") by failing to execute his detainer and resolve the pending probation violation charge following his request that the charge be resolved. *Id*. at 2, 4-7. Johnson maintains that the

---

[2] Presumably, the Florida probation violation warrant was based on Johnson's alleged commission of new criminal offenses in Alabama.

[3] "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner us imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

detainer and pending probation violation charge are causing him "undue anxiety and stress" and are affecting his eligibility for work release and parole, along with his custody classification and his ability to participate in rehabilitation programs. *Id*.

As relief, Johnson requests that the court either enter an order compelling the respondents to allow an inmate loan to the temporary custody of Florida authorities for speedy disposition of the pending probation violation charge, enter an order removing the detainer and directing that the probation violation charge be dismissed, or enter an order declaring that any sentence imposed for the probation violation either has been completed or shall run concurrently with his Alabama prison sentences. *Id*. at 2, 8.[4]

## II.  DISCUSSION

As indicated, Johnson contends that the respondents have violated his rights under the IAD by failing to execute his detainer and resolve the pending probation violation charge in a timely fashion after he requested a disposition. The IAD establishes procedures for member states to effect the expeditious and orderly disposition of out-of-state criminal charges pending against persons incarcerated in state institutions. In relevant part, it provides for the delivery of temporary custody of a prisoner to the receiving state for trial prior to the completion of a prisoner's sentence in the sending state. And it seeks to minimize the

---

[4] There is no evidence in the record that Johnson has exhausted his state-law remedies. However, because his petition plainly has no merit, this court need not inquire further into that issue and instead may simply review the petition. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

consequent interruption of the prisoner's ongoing prison term and prevent prosecutorial abuses of the detainer that potentially allow a prisoner to languish in a separate jurisdiction under the constant but uncertain threat of further prosecution. IAD Art. I.

The IAD provides at Article III(a) that:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and *whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner*, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint[.]

(Emphasis added). If the prisoner requests final disposition of those charges, then the receiving state must bring him to trial within 180 days of his request for disposition of the charges or dismissal of those charges will result. IAD Art. III(a)-(d).

The IAD does not apply to Johnson's circumstances, and therefore he is not entitled to habeas relief. As the italicized portion of Article III referenced above reflects, the IAD applies only to cases where "there is pending in any other party state any untried indictment, information or complaint." In *Carchman v. Nash*, 473 U.S. 716, 726 (1985), the Supreme Court "conclude[d] from the language of the [IAD] that *a detainer based on a probation-violation charge is not a detainer based on 'any untried indictment, information or complaint,' within the meaning of Art. III*." (Emphasis added.) In reaching this result, the Supreme Court explained:

4

> Article III by its terms applies to detainers based on "any untried indictment, information or complaint." The most natural interpretation of the words "indictment," "information," and "complaint" is that they refer to documents charging an individual with having committed a criminal offense. *See* Fed.Rules Crim.Proc. 3 (complaint) and 7 (indictment and information). This interpretation is reinforced by the adjective "untried," which would seem to refer to matters that can be brought to full trial, and by Art. III's requirement that a prisoner who requests final disposition of the indictment, information, or complaint "shall be brought to trial within 180 days."

*Carchman*, 473 U.S. at 724–25. The Supreme Court thus held that "[t]he language of the Agreement therefore makes clear that the phrase 'untried indictment, information or complaint' in Art. III refers to criminal charges pending against a prisoner." *Id*. Accordingly, the Supreme Court determined:

> *[a] probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III*. Although the probation-violation charge might be based on the commission of a criminal offense, it does not result in the probationer's being "prosecuted" or "brought to trial" for that offense. Indeed, in the context of the Agreement [the IAD], the probation-violation charge generally will be based on the criminal offense for which the probationer already was tried and convicted and is serving his sentence in the sending State.
>
> Nor, of course, will the probationer be "prosecuted" or "brought to trial" on the criminal offense for which he initially was sentenced to probation, since he already will have been tried and convicted for that offense. Instead, the probation-violation charge results in a probation-revocation hearing, a proceeding to determine whether the conditions of probation should be modified or the probationer should be resentenced, at which the probationer is entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). *Cf. Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole revocation hearing).

*Id*. at 725-26 (emphasis added).

Because the detainer lodged against Johnson is based on a violation of his probation, he is not entitled to a disposition under the IAD, *Carchman*, 473 U.S. at 724–25, and therefore his habeas petition should be summarily dismissed.[5]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

---

[5] To the extent Johnson claims that the existence of the detainer and pending probation violation charge are affecting the conditions of his confinement, even if the court were to liberally construe the petition as a civil rights complaint filed pursuant to 42 U.S.C. § 1983, the claims would not provide a basis for relief. *See Fugate v. Dep't of Corr*., 301 F.3d 1287, 1288 (11th Cir. 2002) (utilizing the repeatedly recognized practice of looking beyond the title of a document in order to properly analyze its substance to find that an action ostensibly brought pursuant to § 1983 was properly construed as a petition for writ of habeas corpus). Johnson maintains that the detainer and pending probation violation charge are affecting his eligibility for work release and parole, along with his custody classification and his ability to participate in rehabilitation programs. However, a prisoner does not possess a constitutionally protected liberty interest in being placed on work release. *Kitchen v. Upshaw*, 286 F.3d 179, 188 (4th Cir. 2002). Furthermore, Johnson has no due process liberty interest in early release. *See, e.g., Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998). To the extent Johnson claims that the detainer is affecting his custody classification, there is similarly no constitutionally protected liberty interest in being classified at a certain custody level. *Kramer v. Donald*, 286 Fed. App'x 674, 676 (11th Cir. July 17, 2008); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting that prison officials have discretion in overseeing the conditions of confinement, including prisoner classification). Nor does Johnson have a constitutionally protected interest in rehabilitative programs. *See Moody*, 429 U.S. at 88 n.9. Accordingly, even if the court were to consider the petition based on the detainer's effect on the conditions of Johnson's confinement, Johnson would still fail to state a claim for relief.

Johnson also suggests that the probation violation detainer has prejudiced him by depriving him of a chance to serve his probation sentence concurrently with his Alabama prison sentences. Doc. No. 2 at 8. However, there is no constitutional right to serve sentences concurrently. *See U.S. v. Uribe–Rios*, 558 F.3d 347, 358 (4th Cir. 2009) (finding prisoner's lost chance of serving sentences concurrently did not establish prejudice for purposes of challenging pre-indictment delay); *United States v. White*, 240 F.3d 127, 135 (2d Cir. 2001) (no constitutionally cognizable right to concurrent, rather than consecutive, sentences); *United States v. Fuzer*, 18 F.3d 517, 520 (7th Cir. 1994) (focusing on the speculative nature of a potential award of concurrent sentences)

for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 be DISMISSED.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 26, 2013.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 12th day of September, 2013.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE